# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDRE M. INGRAM | Case No. 2:18-cv-01939-GMN-CWH |
| Plaintiffs, | |
| v. | **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendants. | |

Presently before the court is plaintiff Andre M. Ingram's motion for appointment of counsel (ECF No. 38), filed on February 21, 2019. Defendants Clark County School District ("CCSD"), Kris Patrick, Aida Rivera, and Joann V. Laeken filed a response (ECF No. 41) on February 22, 2019. Plaintiff did not file a reply.

Also before the court is plaintiff's motion to amend (ECF No. 40), filed on February 22, 2019. Defendants filed a response (ECF No. 45) on March 5, 2019. Plaintiff filed a reply (ECF No. 46) on March 12, 2019.

**I.  BACKGROUND**

In this employment discrimination case, plaintiff alleges retaliation, disparate treatment, harassment, and sexual harassment. (Am. Compl. (ECF No. 9).) Plaintiff moved to proceed *in forma pauperis*, but the court denied the motion, finding that plaintiff did not demonstrate an inability to pay the filing fee. (Order (ECF No. 5).) Plaintiff then paid the $400.00 filing fee. (Receipt of Payment (ECF No. 6).)

Plaintiff now requests a court-appointed attorney, arguing that he is unable to afford counsel and that his claims are meritorious. (Mot. for Appointment of Counsel (ECF No. 38).)

Defendants respond that the court should deny plaintiff's request as plaintiff has not demonstrated an inability to afford counsel and that plaintiff's claims are meritless. (Resp. (ECF No. 41).)

Plaintiff also moves for leave to amend the second amended complaint, arguing that justice so requires the amendment.[1] (Mot. to Amend (ECF No. 40).) Defendants respond that the court should not consider the motion because plaintiff failed to support his motion with points and authorities, and that plaintiff failed to attach the proposed amended complaint. (Resp. (ECF No. 45).) Plaintiff replies that he is making an effort to comply with the Federal Rules of Civil Procedure and the Local Rules. (Reply (ECF No. 46).) Plaintiff also argues that the affidavit from a CCSD employee demonstrates the affiant's knowledge of CCSD's operational practices. (*Id.*)

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for the appointment of counsel. Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal

---

[1] Plaintiff initially filed a purported motion to amend at ECF No. 35, titled "Reply in Support of Motion". The motion is supported by affidavits from a CCSD employee and a copy of the current amended complaint. (Reply (ECF No. 35).) The Clerk of Court then directed plaintiff to re-file the motion to amend as a separate entry and to select the appropriate event. (Clerk's Notice (ECF No. 36).)

issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Ingram paid the filing fee and is not proceeding *in forma pauperis* under § 1915. Even if Ingram were indigent, he does not demonstrate the exceptional circumstances required for the appointment of an attorney. Having reviewed the allegations in the amended complaint and the pending motions to dismiss, the court finds that plaintiff has a limited likelihood of success on the merits. Additionally, plaintiff has, thus far, demonstrated an ability to articulate his claims without an attorney, and the legal issues in this case are not complex. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The court will therefore deny plaintiff's motion for appointment of counsel.

### III. MOTION TO AMEND

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Further, under Local Rule 7-2

[a]ll motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared. The motion must be supported by a

> memorandum of points and authorities. The motion and supporting memorandum of points and authorities must be combined into a single document that complies with the page limits in LR 7-3.

LR 7-2(a). Under Local Rule 15-1,

> the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

LR 15-1(a).

Here, plaintiff moves to amend the complaint, arguing that justice so requires the amendment. Plaintiff's motion is not supported by points and authorities articulating factors that support leave to amend. Rather, plaintiff's motion restates his claims against defendants and his reply vaguely references an affidavit of a current CCSD employee. Given that plaintiff's motion does not comply with the Local Rules, the court denies the motion without prejudice.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that motion for appointment of counsel (ECF No. 38) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend (ECF No. 40) is DENIED without prejudice.

DATED: April 11, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE