1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANDRE M. INGRAM,                      )
                                      )
                   Plaintiff,         )          Case No.: 2:18-cv-01939-GMN-DJA
        vs.                           )
                                      )                    **ORDER**
CLARK COUNTY SCHOOL DISTRICT, *et*    )
*al.*,                                )
                                      )
                   Defendants.        )
_____ )

     Pending before the Court is the Motion to Dismiss, (ECF No. 62), filed by Defendant Clark County School District ("Defendant").  Pro se Plaintiff Andre M. Ingram ("Plaintiff") did not file a response.  For the reasons discussed below, Defendant's Motion is **GRANTED**.

## I.      BACKGROUND

     This case arises from Plaintiff's allegations of workplace discrimination, harassment, and retaliation while he was employed with Defendant as a food service worker. (*See* Am. Compl. 5:13, 6:2–24, ECF No. 9).  Plaintiff commenced the instant action on October 9, 2018. (Compl., ECF No. 8).  On November 28, 2018, Plaintiff filed an Amended Complaint, (ECF No. 9).  Defendant filed a Motion to Dismiss, (ECF No. 16), on December 18, 2018, seeking dismissal under Federal Rule of Civil Procedure 12(b)(6).

     On May 21, 2019, the Court granted in part Defendant's Motion to Dismiss. (Order, ECF No. 50).  The Court dismissed all of Plaintiff's claims except for a narrowed Title VII retaliation claim concerning Plaintiff's allegations that he was subject to an unfair interview process. (*See id.*).  The Court also granted Plaintiff leave to amend his other claims, but Plaintiff did not subsequently elect to do so. (*Id.*).  Defendant now moves to dismiss Plaintiff's

Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b). (Mot. Dismiss, ECF No. 62). Plaintiff has not filed a response in opposition.

## II.    DISCUSSION

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958). Under the Local Rules for the United States District Court for the District of Nevada, "the deadline to file and serve any points and authorities in response to [a motion to dismiss] is 14 days after service of the motion." *See* D. Nev. LR 7-2(b). "The failure to of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). Moreover, Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." D. Nev. LR 41-1.

Here, Defendant moves to dismiss Plaintiff's Amended Complaint with prejudice, pursuant to Rule 41(b), which provides for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Defendant explains that Plaintiff has failed to participate in this litigation for more than 270 days. (Mot. Dismiss at 1). More specifically, Defendant asserts that it "has undertaken to comply with court rules, applicable deadlines, apprised Plaintiff of his discovery obligations, and even gone so far as to seek two extensions to discovery so that Plaintiff can comply with such obligations. All the while, [Defendant's] efforts have been met with silence." (*Id.* at 2). Thus, Defendant submits "Plaintiff's conduct makes it clear that he no longer intends on prosecuting this case." (*Id.*). The Court agrees.

Plaintiff's deadline to respond to Defendant's Motion to Dismiss, (ECF No. 62), was December 27, 2019. Plaintiff has not responded to the Motion, and the time to do so has

passed.[1]  Under Local Rule 7-2(d), Plaintiff's failure to file points and authorities in response

the Motion "constitutes a consent to the granting of the motion[s]." D. Nev. LR 7-2(d); *see*

*Faretta v. Cal.*, 422 U.S. 806, 834 (1975) ("[t]he right of self-representation is not a license to

abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of

procedural and substantive law.").  Moreover, Plaintiff has failed to participate in this litigation

for more than 270 days, thus warranting dismissal for want of prosecution.  Accordingly,

Defendant's Motion to Dismiss, (ECF No. 62), is granted.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Motion to Dismiss, (ECF No. 62), is

**GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this  10  day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Indeed, at no point did Plaintiff attempt to obtain an extension from the Court, despite Local Rules permitting parties to file motions seeking deadline extensions. *Cf.* D. Nev. LR IA 6-1 ("A request [for extension] made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."); *see* D. Nev. LR 26-3.